The Chief Justice
delivered the opinion of the court:
This case comes here upon a writ of error to the Police Court. In the Police Court an information was filed by the special assistant attorney for the District of Columbia, charging the defendant, Ignatius Nau, on the 23rd day of April, 1891, on Brightwood Avenue, in the District of Columbia, with •engaging in the business of keeping a place where distilled and fermented liquors, wines and cordials were sold in less quantities than one pint at a time to the same purchaser, to wit; a tippling house, bar-room, sample room, without *548 having obtained a license so to do; the said Ignatius Ñau being the proprietor of said place and business and not being licensed to keep said place as an apothecary store, contrary to, and in violation of an act of the late Legislative Assembty of the District of Columbia, entitled ‘ ‘ An act imposing a license on trades, business and professions, practised or carried on in the District of Columbia, ’ ’ and providing for the enforcement and collection of fines and penalties for carrying on business in the said District without license, approved August 23, A. D. 1871, and the amendment to the said act approved June 20, A. D. 1872.
It appears that in a Police' Court the defendant filed a motion to quash the information on the ground that it did not set forth any distinct offense forbidden by law. This motion was overruled, and thereupon a plea of not guilty was entered, a jury empannelled, trial had and a verdict of guilty returned by the jury. Thereupon the defendant filed a motion for a new trial and motion in arrest of judgment, which motions were overruled, and a bill of exceptions taken to the various rulings of the court, signed by the judge and application made for a writ of error to a justice of this court, which was allowed, and the case has been sent up upon the record certified by the Police Court Judge. This information in distinct terms professes to charge an offense under a certain act which is distinctly set forth by its title, and the date of its passage. That act of the Legislative Assembly is in part as follows: By the first section it is provided: ‘ ‘That no person shall be engaged in any trade, business or profession hereinafter mentioned until he shall have obtained license therefor, as hereinafter provided.” The second section provides:
‘ ‘Every person engaged in any trade,occupation or profession, for which a license tax is imposed by the laws of the District of Columbia, shall, at the time for procuring the same, make application to the register, and shall state under oath or affirmation such facts as may be applicable to licenses as apothecaries, commercial agents, bankers, banks, bar-rooms, sample-rooms, and tippling; billiard, bagatelle, and Jennie Lind tables; bowling alleys, brokers, dealers in merchandise; distilled *549 and fermented liquors, wines and cordials; hacks, carriages, cabs, omnibuses and street cars; hotels, fire and life insurance companies; livery stables, manufacturers, peddlers, resident or otherwise.” The remainder of this section provides for the mode of applying for a license and the issuing of the same.
Section 4 of the original act provides: “That every person liable for license tax, who, failing to pay the same within thirty days after the same has become due and payable, for such neglect shall, in addition to the license tax ’imposed, pay a fine or penalty of not less than five nor more than fifty dollars, and a like fine or penalty for every subsequent offense.
Section 5 provides that, “the proprietors of bar-rooms, and tippling houses shall pay one hundred dollars annually.
Every place except an apothecary store, where distilled or fermented liquors, wines or cordials, are sold, in less quantities than one pint at a time to the same purchaser, shall be regarded as a bar-room, sample-room, or tippling house.”
Section io provides: “That every place where distilled or fermented liquors are sold in less quantities than one pint, to be drank on the premises, shall, unless kept by apothecaries, be known as a bar-room, sample-room or tippling house, as the case may be; and it shall be the duty of the proprietor of every such place to present with his application for license the written permission of a majority of the owners of real estate,” etc.
On June 20, 1872, section 4, relating to the payment of á license tax, was amended so as to read as follows: “That every person liable for license tax,' who may fail to pay the same before engaging in the business for which the license may be required shall, in addition to the license tax imposed, pay a fine or penalty of not less than five nor more than fifty dollars for each offense, to be imposed and collected as provided in this act. Commercial agents, managers of theatrical performances, exhibitions and concerts for gain, (not including exhibitions and concerts given by or for the benefit of religious or charitable institutions or societies,) beer gardens, circuses, gift enterprises and race courses, one-half to the use of the iniormer.”
*550 It will be observed that the information has in- it no averment of a failure on the part of the defendant to comply with the provisions of Sec. 4, as originally enacted, or as amended in 1872. There is no charge in this information that the defendant failed to pay the license tax within thirty days after the same had become due and payable, nor is there any charge that the defendant being liable for the license tax failed to pay the same before engaging in the business of keeping a bar-room.
It is claimed on the part of counsel for defendant that the latter clause before stated as being the Act of 1872, amending the fourth section of the original act, providing for and enforcing the penalt3^, and also providing for the collection of the tax furnishes the only ground contained in the act for a prosecution for non-compliance with its provisions, and that the charge made in the information is in relation to matters, so far as this prosecution is concerned, entirely inconsequential. It alleges that the part3^ was engaged in the keeping of a tippling house, in proper terms enough under the act, but nowhere is it alleged that there was a failure to pay the tax. It may be that, notwithstanding the defendant had not received his license, he may have paid his tax, and it is the failure to pay the tax that is made the subject of prosecution by this act.
It is answered by counsel for the District that this is an objection that cannot be made after verdict, and it is further claimed that the defect in the information cannot be made available to the defendant by a writ of error taken under the Act of 1891, and that the defendant should have selected certiorari as the remedy to challenge the jurisdiction of the Police Court. It is evident that the object in enacting this statute b3^ the Legislative Assembly was to collect a revenue, and not to enact a penal statute for selling intoxicating liquors, nor is it especially directed toward persons who engage in the 'traffic in intoxicating liquors. It relates to the issuing of a license to parties in the District who may be engaged in the various trades, occupations and professions, and is in no sense a penal act. If a party fails to pay his license tax when due, *551 or engages in business without paying it, he may be compelled to pay not only the tax but a penalty. The information does not charge that the defendant failed to pay his license tax when due or before he engaged in selling liquors. The information must be regarded then as wholly ineffective, in not charging the only condition upon which a prosecution may be predicated under this act. The Act of Congress (26 Stat., 849) especially provides for taking exceptions to the rulings of the Police Court upou questions of law and to instructions to the jury; for the taking of bills of exceptions, and for the allowance of a writ of error by a justice of this court, and for the disposition of the same in this court; and provision is further made that except as the final judgment of the Police Court shall be affected bjr this proceeding in error, the judgment of the Police Court shall be final, thereby excluding every other remedy, either by appeal or certiorari, for any error committed by the Police Court. We apprehend that there can be no doubt that a writ of error is the appropriate remedy, as Congress has plenary power in the premises.

The judgment of the Police Coitrt is reversed and the defendant discharged.